IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DYVONUETTA D. WILEY,

   Plaintiff,

     v.

PLESS SECURITY, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-332-TWT

OPINION AND ORDER

This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 46] of the Magistrate Judge recommending granting in part and denying in part the Defendant's Motion for Summary Judgment [Doc. 31]. The Plaintiff is a Muslim. As part of her religious practice, she must keep her head covered in public. She was employed by the Defendant as a security guard. While at work, she wore a Muslim head wrap known as a hijab. This created some problems when she was assigned to work at the Georgia Department of Revenue. The GDR's regulation prohibited uniformed security guards from wearing headgear. The Defendant made several attempts to accommodate the Plaintiff's religious practice. Finally, the Defendant told the Plaintiff that she would be transferred to another

location. The Plaintiff quit, filed a complaint with the EEOC, and then filed this lawsuit.

The Defendant has submitted two objections to the Magistrate Judge's very excellent and thorough Report and Recommendation. First, the Defendant argues that Mr. Vukotich's statements do not constitute direct evidence of discrimination. The Magistrate Judge concluded that one statement – that her turban disturbed the people at GDR – reflected discriminatory animus against the Plaintiff's religious practice. It seems to me that the Defendant makes a good point that this statement must be considered in the context in which it was made. That context was that the Defendant was trying to accommodate the Plaintiff's religious practice by transferring her to another location. If the Defendant gave her a false reason for the transfer, she could argue that it was a pretext for discrimination. The Court should be hesitant to impute discriminatory animus to statements made in the course of attempts to accommodate an employee's religious practice. That is particularly true here where the Defendant had a history of trying to accommodate the Plaintiff. I do not agree that the statement in question is direct evidence of discrimination.

Second, the Defendant argues that the Plaintiff did not have an adverse employment action. The Plaintiff abandoned her job when she was told that she would be transferred. It is undisputed that she cannot show a constructive discharge.

Whether you call it a transfer, a demotion, or whatever, the *potential* adverse employment action never occurred because the Plaintiff quit first. This is fatal to the Plaintiff's disparate treatment claim and her failure to accommodate claim.

The Court declines to adopt the two portions of the Report and Recommendation which are the subject of the Defendant's objections. Otherwise, the Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion for Summary Judgment [Doc. 31] is GRANTED.

SO ORDERED, this 12 day of July, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge